UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JESSE MURPHY, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | Case No. 1:15-cv-0066-WTL-MJD |
| ) | |
| WENDY KNIGHT, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Jesse Murphy for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. CIC 14-09-176. For the reasons explained in this Entry, Murphy's habeas petition must be **denied**.

**Discussion**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

**I.  The Disciplinary Proceeding**

On September 20, 2014, Sergeant Clark wrote a conduct report that charged Murphy with class B offense 203, refusing to submit to testing. The conduct report states:

> On 9-20-2014 at approximately 11:25 A.M. I Sergeant M. Clark was conducting a[n] I cup 8 panel drug test on Offender Murphy, Jesse #925827 Cell 16A3E. During his strip search, I saw a white object under his testic[les]. I then told him to remove the object which was a small bottle with a liquid inside. He dumped the bottle and tossed it in the trash. At that time he refused further testing.

A picture was taken of the bottle. On September 24, 2014, Murphy was notified of the charge and served with the conduct report and the notice of disciplinary hearing "screening report." Murphy was notified of his rights, pled not guilty, and did not request the appointment of a lay advocate. During the screening, Murphy requested Officers Johnson and Gordon as witness and requested Indiana Department of Correction ("IDOC") Policy 01-02-107 as evidence. The request for Officer Gordon to serve as a witness was denied on the basis it was repetitive. Officer Johnson offered the following statement: "On September 20, 2014 I was in E-unit control area when Sgt. Clark discovered a bottle hidden under Offender Murphy[']s testicles. After discovering the bottle Offender Murphy stated what's the point I'm dirty. At that time Sgt. Clark asked Offender Murphy if he was refusing to provide a sample he said I guess."

The hearing officer conducted a disciplinary hearing in No. CIC 14-09-176 on September 24, 2014. Murphy provided the following statement "A bottle was discovered but I was trying to take the test. Matt Johnson said I was done. I never said I refused testing." The hearing officer found Murphy guilty of the charge of refusing to submit to testing.

In making the guilty determination, the hearing officer relied on the conduct report and Officer Johnson's statement that Murphy refused further testing. The hearing officer imposed the following sanctions: a written reprimand, a 30 day loss of telephone privileges, a 45-day earned credit time deprivation, and the imposition of a suspended sanction in case number CIC 14-07-0179 of a demotion to credit class 2. The sanctions were imposed because of the frequency and

nature of the offense and the likelihood of the sanctions having a corrective effect on the offender's future behavior.

Murphy's appeals through the administrative process were denied. He now seeks relief pursuant to 28 U.S.C. § 2254, arguing that his due process rights were violated.

## II.  Analysis

Murphy alleges that he was denied evidence when his request for a statement from Officer Gordon was denied as duplicative and when the hearing officer did not review IDOC Policy 01-02-107 at the hearing.

A prisoner has a limited right to present witnesses and evidence in his defense, consistent with correctional goals and safety. *Wolff,* 418 U.S. at 566. A hearing officer has considerable discretion with respect to witness and evidence requests, and may deny requests that threaten institutional safety or are irrelevant, repetitive, or unnecessary. *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003). Furthermore, due process only requires access to witnesses and evidence that are exculpatory. *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride,* 81 F.3d 717, 721 (7th Cir. 1996). The denial of the right to present evidence will be considered harmless, unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross,* 637 F.3d 841, 847 (7th Cir. 2011).

Here, Murphy requested that Officers Gordon and Johnson provide witness statements. The hearing officer obtained a statement from Officer Johnson and denied as duplicative the request for Officer Gordon to provide a statement. Aside from being duplicative, Murphy does not allege that Officer Gordon's statement would have provided exculpatory evidence. Rather, he argues that since Officer Gordon was not allowed to provide a statement, the hearing officer was not able to

accurately determine whether any such statement might have been duplicative or exculpatory. Thus, it is speculative whether a statement from Officer Gordon, whatever it may have been, would have been exculpatory. Such a denial is appropriate in these circumstances, *Cotton,* 342 F.3d at 666, and did not violate any due process principles.

Next, Murphy was not denied evidence. At screening, he requested a copy of IDOC Policy 01-02-107 discussing the offender urinalysis program. Murphy argues the hearing officer denied this request. However, Murphy fails to show how IDOC Policy 01-02-107 is exculpatory or would have aided in his defense. The Policy would have no bearing on whether the evidence was sufficient to find that Murphy refused to submit to testing after he was discovered with a small bottle with a liquid inside hidden under his testicles.

Moreover, even if there was a violation of IDOC Policy, such a violation is not a viable claim in a Section 2254 proceeding. A claim that prison authorities failed to follow various policies before and during a challenged disciplinary proceeding are summarily dismissed as insufficient to support the relief sought by the petitioner. *See Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (in a habeas action, an inmate "has no cognizable claim arising from the prison's application of its regulations."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief). In conducting habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was

no constitutional infirmity in the proceeding which entitles Murphy to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed.

    Judgment consistent with this Entry shall now issue.

    **IT IS SO ORDERED**.

Date:  9/7/16

                                                    Hon. William T. Lawrence, Judge

Distribution:                                   United States District Court
                                                     Southern District of Indiana

Electronically Registered Counsel

Jesse Murphy
DOC #925827
Pendleton Correctional Facility
Electronic Service Participant